```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF NORTH DAKOTA
                    SOUTHEASTERN DIVISION

Superior Grains, Inc.,            )
                                  )
              Plaintiff,          )
                                  )      Case No. 3:07-mc-1
     v.                           )
                                  )
Palouse Empire Marketing, Inc.,   )
                                  )
              Defendant.          )
```

### Order

Palouse Empire Marketing, Inc. ("Palouse") moves this Court for reconsideration (doc. #27) of the Court's order dated January 17, 2007, which stayed this lawsuit until Superior Grains, Inc. ("Superior") had fully arbitrated its dispute with Palouse before the United States Pea & Lentil Trade Association ("Trade Association") (doc. #25).  Palouse argues this Court had no authority to stay the action and the case must be dismissed. Palouse also argues Superior should not be allowed to conduct discovery until the arbitration appeal is concluded.  Because a stay of this litigation was proper, the Court **DENIES** Palouse's motion.  Furthermore, the Court will provide Superior time to complete the discovery, so Superior is **ORDERED** to not conduct additional discovery until completion of the arbitration appeal.

I.   **Motion to Reconsider**

Palouse argues the Court must reconsider its prior order and dismiss this litigation because it has no authority to act until the arbitration is complete.  However, section 3 of the Federal

1

Arbitration Act, 9 U.S.C. § 3 (2006), allows for a stay of litigation until arbitration is complete:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

This Court concluded an issue remained that was referable to arbitration, specifically what an appeal under the Trade Association rules would conclude regarding the alleged partiality of an arbitrator. The Court complied with the directive that it "shall . . . stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . ." Although Superior counters that the dispute "has been referred to, heard and determined by arbitration" (doc. #30), the parties' arbitration agreement provided for appeal, so the arbitration has not been completed. The Court will not reconsider its prior holding. Palouse's Motion for Reconsideration is **DENIED**.

**II.   Continued Discovery**

Palouse argues that Superior should not be allowed to conduct discovery until conclusion of the arbitration appeal. Superior agrees to refrain from further discovery, provided the Court gives Superior time to complete its discovery if this

litigation continues after the arbitration appeal.  The Court will give Superior time to complete discovery before it holds an evidentiary hearing on Superior's motion to vacate.  Therefore, the Court **ORDERS** Superior to refrain from engaging in discovery until the arbitration appeal is decided.  In the event this litigation continues after the appeal, the Court will set a discovery deadline and evidentiary hearing.

**III. Palouse's Motion to Rename**

Because of the Court's holding on Palouse's Motion to Reconsider, Palouse's Motion to Rename(doc. #34) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated this 6th day of March, 2007.

*/s/ Rodney S. Webb*
RODNEY S. WEBB  District Judge
United States District Court